T.C. Summary Opinion 2007-152


UNITED STATES TAX COURT


WILLIE D. AND GABRIELA IRENE OUTLAW, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8484-05S.              Filed August 30, 2007.


Willie D. and Gabriela Irene Outlaw, pro sese.

<u>Frederick J. Lockhart, Jr.</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' Federal income tax of $2,542 for 2001, $3,672 for 2002, and $2,032 for 2003. Petitioners concede that they are entitled to mortgage interest expense deductions of $9,384.63 for 2001 and $9,254.42 for 2002 and a real estate tax deduction of $945.12 for 2002. The issues remaining for decision are whether petitioners: (1) Failed to report gross income for 2001, 2002, and 2003; and (2) are entitled to deduct meals and entertainment expenses for 2003.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition was filed, petitioner resided in Colorado Springs, Colorado.

For the years under consideration, Willie D. Outlaw (petitioner) was an employee of the U.S. Postal Service. He also conducted a landscaping business. Petitioners filed joint Forms 1040, U.S. Individual Income Tax Return, for 2001, 2002, and 2003. On Schedule A, Itemized Deductions, petitioners deducted $11,507 in home mortgage interest for 2001. For 2002, petitioners deducted $18,562 in home mortgage interest and real estate taxes of $1,849.

On Schedules C, Profit or Loss From Business, petitioners

reported a net loss of $14,719 for 2001, $12,041 for 2002, and $13,796 for 2003. The net losses included expenses claimed for the business use of their home, $455 for 2002 and $398 for 2003. Petitioners' net loss from business in 2003 included a deduction of $150 for meals and entertainment expenses.

Respondent initially chose petitioners' 2001 and 2002 tax returns for examination. The examination was later extended to include the 2003 return. Petitioners failed to provide to the examiner any books or records for the business save for reconstructed mileage for 2001 and 2002. Petitioners produced copies of Forms 1098, Mortgage Interest Statement, for 2001 showing mortgage interest of $9,384.63, and for 2002 showing mortgage interest of $9,254.42 and real estate taxes of $945.12. Respondent adjusted petitioners' mortgage interest expenses for 2001 and 2002 and their real estate tax deduction for 2002 to comport with the amounts reported on the Forms 1098. Respondent also increased petitioners' Schedule C income to "equal" the total amount of expense deductions,[1] but for 2003 respondent disallowed the deduction for meals and entertainment expenses.

## Discussion

Generally, the Commissioner's deficiency determinations are

---

[1]Respondent's adjustments increased petitioners' income for 2002 and 2003 to equal their claimed business deductions except for office-in-home expenses, in effect allowing an "excess" deduction for office-in-home expenses as claimed by petitioners. There was no deduction for office-in-home expenses in 2001.

presumed correct, and taxpayers have the burden of proving that the determinations are incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Under certain circumstances, however, section 7491(a) may shift the burden to the Commissioner with respect to a factual issue affecting liability for tax.  Petitioners did not present evidence or argument that they satisfied the requirements of section 7491(a).  Therefore, the burden of proof does not shift to respondent.

Taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine the correct tax liability.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  When a taxpayer fails to keep records, or the records of income are inadequate, the Commissioner may calculate the taxpayer's income in any manner that clearly reflects the income.  Sec. 446(b); Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965).  The Commissioner's method of reconstructing a taxpayer's income need only be reasonable in the light of all the surrounding circumstances.  Schroeder v. Commissioner, 40 T.C. 30, 33 (1963).

Petitioner testified that he had no records of the business because one of his sons moved back into the family home and "threw cardboard boxes and everything out and the receipts [sic] that I had my taxes in, and I stated that to the Internal Revenue examiner".  The examiner testified that during the examination petitioner described his landscaping business as a cash business

- 5 -

and that petitioner stated that he paid his business expenses out
of the receipts from his business.  Further, the examiner
testified that during the examination petitioner said he did not
have any cash hoard at the beginning of the period under
examination.  During his testimony, petitioner failed to deny the
substance of or contradict the testimony of the examiner.
Petitioner, in fact, testified that he paid his son's salary, a
major expenditure,[2] out of what his customers paid him.

The Court finds respondent's method of reconstructing
petitioners' income to be reasonable in the light of all the
surrounding circumstances. The Court finds that petitioner paid
his expenses from the proceeds of his business.  Since the
business expenses were paid from business proceeds, the Court
concludes that the business income must logically have at least
equaled the business expenses.

Petitioners did not provide any substantiation for the $150
deducted for meal and entertainment expenses for 2003 and

---

[2]The amounts claimed for 2001 and 2002 on Schedules C, line
37, as "Cost of labor" greatly exceed reported gross receipts in
either year.  There is no cost of labor claimed for 2003.

therefore have failed to meet the strict substantiation requirements of section 274(a) and (d) that would allow a deduction.

To reflect the foregoing,

Decision will be

entered for respondent.